*U.S. v. Jennings*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of November, two thousand twenty-one.

PRESENT:

> JOHN M. WALKER, JR.,
> RICHARD C. WESLEY,
> SUSAN L. CARNEY,
> *Circuit Judges.*

———————————————————————————

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                                     No. 20-2677

JERMAINE JENNINGS,

*Defendant-Appellant.*

———————————————————————————

FOR APPELLEE:                          Katherine A. Gregory, *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Buffalo, NY.

FOR APPELLANT:                         MaryBeth Covert, Federal Public Defender's Office, Western District of New York, Buffalo, NY.

Appeal from an order of the United States District Court for the Western District of New York (Siragusa, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order entered on July 31, 2020, is **AFFIRMED**.

In 2007, Defendant-Appellant Jermaine Jennings was sentenced to a 25-year term of imprisonment following convictions for possession with intent to distribute a mixture and substance containing cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and for possession of ammunition by a felon in violation of 18 U.S.C. § 922(g)(1). The issue presented by this appeal is whether the district court erred in determining that Jennings was ineligible for a sentence reduction under § 404 of the First Step Act. Pub. L. No. 115-391, 132 Stat. 5194 (2018). Jennings argued before the district court—as he did in his opening brief before this court—that his violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) was a "covered offense" under the Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372 (2010), but the district court disagreed.

In June 2021, the United States Supreme Court held that, because the Fair Sentencing Act did not modify the statutory penalties for convictions under 21 U.S.C. §§ 841(a) and (b)(1)(C), such convictions are not covered offenses and therefore persons convicted of those offenses are ineligible for First Step Act relief. *See Terry v. United States*, 141 S. Ct. 1858, 1862–63 (2021). In response to our request for supplemental briefing, Jennings's counsel "concede[d] that the issue raised on appeal is foreclosed by the Supreme Court's decision in *Terry*." Dkt. No. 73, at 2.

In light of the Supreme Court's decision in *Terry* and the concession made by Jennings's counsel, we hereby **AFFIRM** the order of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

2